IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLAUDE THORN                                                                                       PLAINTIFF

v.                                          Civil No. 06-4007

TYSON FOODS, INC.                                                                                DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff's complaint was filed in this case on January 18, 2006. On February 27, 2006 (Doc. 4), and April 5, 2006 (Doc. 5), Plaintiff filed supplements to his complaint. Plaintiff proceeds pro se and *in forma pauperis*. Before the undersigned is the issue of whether the complaint should be served.

## BACKGROUND

Plaintiff, Claude Thorn, lives in Rosston, Arkansas. According to the complaint, Thorn is, or was, employed by Tyson Foods. He alleges that in March of 2003 Tyson Foods failed to properly maintain its time system due to corporate greed. As a result, he alleges his "check was short due to their negligence and greed."

He asserts that Tyson Foods failed to properly train and supervise its managers on how to keep accurate records and failed to train managers on what to do when the system failed. Due to this negligence, Plaintiff alleges he had to wait a week to receive his unpaid wages.

Plaintiff alleges he reported the unpaid wages and received an unjust write up. He maintains he was retaliated against within an hour after complaining of Tyson Foods violations of the law.

Plaintiff further alleges that in August of 2003 he was called on to perform a job that was not part of his duties. Plaintiff alleges he got sick from the job and reported it to his supervisor. Plaintiff

AO72A
(Rev. 8/82)

states he was given some pills and sent back to work. Plaintiff maintains he was not given the proper care.

As relief, Plaintiff asks for an award of damages for emotional distress, mental anguish, pain, and suffering. He also asks for an award of punitive damages. Finally, he asks for any other relief that may be appropriate including injunctive relief, costs, and attorneys fees.

Plaintiff indicates he is asserting the following causes of action: negligence; wage and hour liability; negligence under the wage and hour law; intentional infliction of emotional distress; fraud; and retaliation.

## **DISCUSSION**

This case is subject to dismissal prior to service of process. Any claim Thorn brings under the Fair Labor Standards Act is barred by the applicable two year statute of limitations. 29 U.S.C. § 255(a)(two year statute of limitations generally applicable); *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2000). Thorn has alleged the incident involving the "negligent" record keeping and/or the time system failure occurred in March of 2003. He alleges he was forced to wait a week to be compensated for the unpaid wages. The alleged retaliation occurred within one hour of his having reported the unpaid wages. The complaint in this case was not filed until January 18, 2005, more than two years later.

No other basis of federal jurisdiction appears to exist. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional

or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000).

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)) (alteration in original)). For diversity jurisdiction to exist, there must be complete diversity of citizenship. 28 U.S.C. § 1332. "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." *Capitol Indem. Corp. v. Russellville Steel Co.*, 367 F.3d 831, 835 (8th Cir. 2004)(citation omitted). In this case, Thorn and Tyson Foods are both alleged to be citizens of the State of Arkansas. Diversity jurisdiction is therefore lacking.

## CONCLUSION

I therefore recommend this action be dismissed prior to service of process on the grounds that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Thorn has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Thorn is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of July 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)