IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLAUDE THORN                                                                    PLAINTIFF

VS.                                    CASE NO. 06-CV-4007

TYSON FOODS, INC.                                                              DEFENDANT

## ORDER

Before the Court is the Report and Recommendations filed July 24, 2006 by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. 7). Plaintiff has timely filed his objections. (Doc. 8). After reviewing the record *de novo*, the Court adopts the Report and Recommendations as its own.

Plaintiff Claude Thorn, proceeding *pro se* and *in forma pauperis*, brought this action against Tyson Foods, Inc. ("Tyson") on January 18, 2006. (Doc. 1). Thorn's complaint arises from his employment at Tyson's Hope, Arkansas poultry processing plant. Thorn alleges that Tyson failed to properly maintain its employee time system, failed to properly train managers on accurate record-keeping, and failed to deliver pay checks in a timely fashion. Thorn also complains of an unjust write-up and retaliation against him after reporting his unpaid wages. Thorn further complains that in August of 2003, Tyson forced him to perform a job that both made him ill and was not part of his duties at Tyson. Thorn alleges these facts as a basis for his claims of negligence, wage and hour liability, intentional infliction of emotional distress, fraud, and unlawful retaliation.

## DISCUSSION

The current action is subject to dismissal prior to service of process. As an initial matter, the Court notes that it may dismiss as frivolous an action brought *in forma pauperis* at any time. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court agrees with Judge Shepherd that all of Thorn's claims currently before the Court arise under the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA"). As a result, Thorn's claims are subject to the FLSA's two year statute of limitations. 29 U.S.C. § 255(a); *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2000). From the Complaint, it appears that all of the events forming the basis for Thorn's claims occurred in March of 2003. As previously stated, Thorn brought this action on January 18, 2006, more than two years later.

In his objections, Thorn urges the Court not to apply the statute of limitations. Thorn asserts that he took action against Tyson immediately after the alleged violations of law occurred in 2003. Thorn did, in fact, bring a separate lawsuit against Tyson in 2003 for alleged sexual harassment and retaliation. This Court granted summary judgment in favor of Tyson on the sexual harassment and retaliation claims, and the Eighth Circuit Court of Appeals affirmed the decision in an unpublished opinion. *Thorn v. Tyson*, 161 Fed. Appx. 625 (8th Cir. 2006).

However, the previous lawsuit against Tyson for sexual harassment and retaliation did not toll the running of the statute of limitations for Thorn's current claims. *See Scollard v. Scollard*, 329 Ark. 83, 89, 947 S.W.2d 345, 348 (1997). In *Scollard*, the Arkansas Supreme Court refused to toll the statute of limitations where the plaintiff filed two separate complaints, each citing similar facts, but establishing separate causes of action. *Id.* Here, Thorn has filed two separate complaints, each stating similar facts, but establishing separate causes of action. His first suit against Tyson sounded in sexual harassment and retaliation. The present suit sounds in negligent maintenance of the wage and hour system in violation of the FLSA and retaliation. As in *Scollard*, Thorn's first complaint did not toll the statute of limitations for his second complaint.

Accordingly, the Court agrees with Judge Shepherd that Thorn's case is time-barred, and

subject to dismissal.

## CONCLUSION

For the reasons stated herein, the Court finds that the Complaint should be and hereby is **DISMISSED** prior to service on defendants.

**IT IS SO ORDERED**, this 31st day of August, 2006.

                                          /s/Harry F. Barnes
                                      Hon. Harry F. Barnes
                                      United States District Judge