IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLAUDE THORN                                                                                              PLAINTIFF

VS.                                              CASE NO. 06-CV-4007

TYSON FOODS, INC.                                                                                      DEFENDANT

## ORDER

Before the Court are Plaintiff Claude Thorn's Motions for Reconsideration. (Docs. 10, 11). The Court previously adopted the Report and Recommendations (Doc. 7) of United States Magistrate Judge Bobby E. Shepherd to dismiss Thorn's lawsuit prior to service. (Doc. 9). The Court agreed with Judge Shepherd that Thorn's claims were barred by the two year statute of limitations for cases arising under the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq*. ("FLSA").

In the instant motion, Thorn asks the Court to reconsider its decision, arguing that "all events that occurred on April 4, 2003 should be relevant." (Doc. 11, pg. 2). The Court construes this request as a motion pursuant to Fed. R. Civ. P. 59(a). The Court need only conduct a limited review of the merits to discover that all of the events forming the basis for Thorn's claims occurred in March and April of 2003. Indeed, Thorn's *pro se* complaint attests to this fact. (Doc. 1). Thorn brought suit against Tyson Foods, Inc. on January 18, 2006. (Doc. 1). As previously stated, Thorn's claims for negligent record keeping and unlawful retaliation by his employer arise under the FLSA, *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2002), and are subject to a two year statute of limitations. 29 U.S.C. § 255(a).

Thorn directs the Court to no authority holding otherwise. *Burlington Northern Santa Fe Railway Co. v. White*, 548 U.S. —, 126 S.Ct. 2405, 165 L.Ed. 2d 345 (2006) addresses the scope of Title VII's prohibition of retaliatory discrimination actions by employers. Similarly, *Wilson v.*

*Northcutt*, 441 F.3d 586 (8th Cir. 2006) held that a property owner failed to establish that city officials violated her right to equal protection by constructing a drainage ditch along her property which caused flooding. The end result is that each of Thorn's requests for reconsideration address the merits of his claims, which the statute of limitations prevents this Court from reaching.

The Court notes that it has broad discretion to reconsider an order granting dismissal. *In re Charter Communications, Inc., Securities Litigation*, 443 F.3d 987, 993 (8th Cir. 2006). However, the Court is fully satisfied that Thorn's claims are time barred. As such, Thorn's Motions for Reconsideration should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 23rd day of October, 2006.

                                                /s/ Harry F. Barnes
                                                Hon. Harry F. Barnes
                                                United States District Judge